# UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | Mag. No. 20-10216 |
| v. | : | Hon. Michael A. Hammer |
| QI ZHUANG HUANG | : | **CRIMINAL COMPLAINT** |

I, Joseph M. Espinoza, being duly sworn, state the following is true and correct to the best of my knowledge and belief:

**SEE ATTACHMENT A**

I further state that I am a Task Force Officer with the United States Drug Enforcement Administration, and that this complaint is based on the following facts:

**SEE ATTACHMENT B**

Continued on the attached page and made a part hereof:

_____
Joseph M. Espinoza
Task Force Officer
U.S. Drug Enforcement Administration

TFO Espinoza attested to this Complaint
by telephone pursuant to FRCP 4.1(b)(2)(A),
on July 28, 2020 in the District of New Jersey

HONORABLE MICHAEL A. HAMMER             _Michael A Hammer_ / TFO JE
UNITED STATES MAGISTRATE JUDGE           Signature of Judicial Officer

## ATTACHMENT A

### Count One
(Conspiracy to Commit Money Laundering)

On or about July 27, 2020, in the District of New Jersey and elsewhere, defendant,

QI ZHUANG HUANG,

did knowingly and intentionally conspire and agree with others to conduct a financial transaction affecting interstate and foreign commerce, which in fact involved the proceeds of a specified unlawful activity, that is, the distribution of a controlled substance, with the intent to promote the carrying on of such specified unlawful activity, and knowing that the property involved in the financial transaction represented the proceeds of some form of unlawful activity, contrary to Title 18, United States Code, Section 1956(a)(1)(A)(i).

In violation of Title 18, United States Code, Section 1956(h) and Title 18, United States Code, Section 2.

## ATTACHMENT B

I, Joseph M. Espinoza, am a Task Force Officer with the United States Drug Enforcement Administration ("DEA"). I am fully familiar with the facts set forth herein based on my own investigation, my conversations with other law enforcement officers, and my review of reports, documents, and other items of evidence. Where statements of others are related herein, they are related in substance and part. Because this Complaint is being submitted for the sole purpose of establishing probable cause to support the issuance of a complaint, I have not set forth each and every fact that I know concerning this investigation. Where I assert that an event took place on a particular date, I am asserting that it took place on or about the date alleged.

1. Law enforcement has been investigating a drug trafficking and money laundering organization ("DTO/MLO") operating in New Jersey, New York, California, Washington, and elsewhere. The DTO/MLO ships large quantities of marihuana from the West Coast to the East Coast.

2. During their investigation into the DTO/MLO, law enforcement learned how the DTO/MLO launders its narcotics proceeds. Specifically, law enforcement learned that narcotics proceeds were laundered at a location in Flushing, New York (the "Stash House").

3. During their investigation, law enforcement learned that on or about July 27, 2020, a member of the DTO/MLO ("Individual-1") would be making a delivery of narcotics proceeds to another individual, subsequently identified as defendant QI ZHUANG HUANG, at a location in Flushing, New York (the "Location"). Based on the investigation, law enforcement learned that defendant QI ZHUANG HUANG would be driving a white SUV.

4. Accordingly, on or about July 27, 2020, law enforcement conducted surveillance of Individual-1. Law enforcement observed Individual-1 arrive at the Location. Shortly thereafter, a white SUV, driven by defendant QI ZHUANG HUANG, drove to Indiviudal-1. Law enforcement then observed what appeared to be a delivery of narcotics proceeds from Individual-1 to QI ZHUANG HUANG.

5. Law enforcement continued to conduct surveillance of QI ZHUANG HUANG, who had driven away. When QI ZHUANG HUANG had stopped, law enforcement approached him and asked what he was doing. He conveyed to law enforcement that he had just received money and was going to receive more. While speaking with to law enforcement, QI ZHUANG HUANG conveyed there was a bag on the floor on the passenger side of the vehicle that contained United States currency. QI ZHUANG HUANG gave consent for law enforcement to open the bag. Upon doing so, law enforcement saw an undetermined amount of United States currency.

6.    Defendant QI ZHUANG HUANG gave consent to law enforcement to search his cell phone, and QI ZHUANG HUANG provided the password. Upon searching the phone, law enforcement found photos of money counters and audio video footage of QI ZHUANG HUANG carrying boxes into and out of a residence.

7.    Defendant QI ZHUANG HUANG then directed law enforcement to a particular location where he said he resided. Upon arriving at that location, law enforcement learned that it was not, in fact, his residence; it was his daughter's. His daughter subsequently revealed the address of QI ZHUANG HUANG's residence, which was the address of the Stash House. This location was corroborated by the video footage that was found on QI ZHUANG HUANG'S cell phone.

8.    Upon arriving at the Stash House, defendant QI ZHUANG HUANG brought law enforcement to the back door. He knocked on the back door, and his wife answered the door. QI ZHUANG HUANG instructed his wife to let them into the house, he gave law enforcement consent to search the house, and directed law enforcement to the basement. During the search of the basement, law enforcement found several items consistent with money laundering, including plastic bags, money counters, sealers, rubber bands, boxes, and a ledger. Law enforcement also found two bags of currency in the washing machine. Under the stairwell, law enforcement found additional U.S. currency. Law enforcement inquired as to how much currency was in the bags. Defendant QI ZHUANG HUANG indicated that it was over $1.4 million.

9.    Based on the investigation, my training and experience, there is probable cause to believe that the currency found at the Stash House is connected to the DTO/MLO operation that is conducted in New Jersey, New York, and elsewhere.